**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan W. Jones et al., | No. CV 12-02286-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Dallas Neurosurgical and Spine Associates et al., | |
| Defendants. | |

We have before us plaintiffs' motion to vacate case reassignment, to amend their complaint, and to strike defendant Medtronic Sofamor Danek USA Inc's ("Medtronic") motion to dismiss (doc. 25), plaintiffs' motion to strike defendants Dr. Jeremy Denning and Dr. Richard Jackson's ("Doctors") motion to dismiss or in the alternative for an extension of time (doc. 27), Medtronic's reply (doc. 29), Doctors' reply and objection to plaintiffs' motion for extension of time (doc. 32), plaintiff Alan Jones' motion for extension of time (doc. 35), plaintiff Kathryn Jones' motion for extension of time (doc. 36), and Medtronic's opposition to plaintiffs' motion to vacate case reassignment and for leave to amend the complaint (doc. 37).[1]

---

[1] We note that plaintiffs' motions (docs. 25, 27) are not proper responses to defendants' motions to dismiss (docs. 13, 18). Accordingly, the clerk has been instructed to docket docs. 25 and 27 as separate motions, not responses, and to docket Medtronic's reply (doc. 29) and Doctors' reply (doc. 32) as responses to plaintiffs' motions (docs. 25, 27).

As an initial matter, we note that plaintiffs' letters to the court (docs. 25 & 27) do not conform to the format required by the Federal Rules of Civil Procedure and the Local Rules of Practice of the District Court for the District of Arizona. Plaintiffs are reminded that despite their *pro se* status, they must comply with all federal and local rules of civil procedure. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.1995).

Plaintiffs argue that the reassignment of this case should be vacated because the request for reassignment to a district court judge was filed belatedly. However, the request for reassignment was filed pursuant to LRCiv 3.7(b). See Doc. 20. Accordingly, we deny plaintiffs' request to vacate the minute order reassigning this action (doc. 25).

A party is entitled to one amendment as of right. See Fed. R. Civ. P. 15. Therefore, we grant plaintiffs' request to amend their complaint to change Medtronic Corporation to Medtronic, Inc. Defendants argue that Medtronic, Inc. is not a proper defendant. But that issue should be addressed in a motion to dismiss.

Plaintiffs' motions to strike defendants' motions to dismiss are inappropriate. Motions to strike under Fed. R. Civ. P. 12(f) are limited to pleadings. See Fed. R. Civ. P. 7(a). A motion is not a pleading. Id. Accordingly, plaintiffs may not challenge defendants' motions to dismiss by way of a motion to strike. Instead, plaintiffs may object to the motions to dismiss by way of a response.

The due dates for plaintiffs' responses to defendants' motions to dismiss have passed. Plaintiffs now request a six-month extension of time to respond to the motions to dismiss, serve all defendants, and amend their complaint, on the grounds that they are unable to comply with the court's deadlines due to illness and permanent disabilities (docs. 35, 36). Plaintiffs' request is the equivalent of a lengthy stay in the proceedings, which runs contrary to the efficient administration of justice. If plaintiffs cannot prosecute their claims, we urge them to seek the assistance of counsel. We will not halt these proceedings for an extended period of time without a greater showing to justify the delay. Therefore, we deny plaintiffs' request for a six-month extension. We grant plaintiffs a modest extension of 10 days after

1  the date of this order to file their responses to the motions to dismiss. Plaintiffs' failure to
2  respond to the motions to dismiss may be deemed a consent to the granting of the motions.
3  See LRCiv 7.2(i). Moreover, plaintiffs are reminded that pursuant to Fed. R. Civ. P. 4(m),
4  they must serve all defendants within 120 days after the complaint was filed. No extensions
5  shall be granted absent a showing of good cause. Plaintiffs have not made the requisite
6  showing. Plaintiffs are admonished that if they seek to amend their complaint another time,
7  they must comply with Rule 15(a)(2) and LRCiv 15.1

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiffs' motion (doc. 25). **IT IS ORDERED DENYING** plaintiffs' motion to vacate case reassignment. **IT IS ORDERED GRANTING** plaintiffs' motion to amend. **IT IS ORDERED DENYING** plaintiffs' motion to strike.

**IT IS FURTHER ORDERED DENYING** plaintiffs' motion to strike or alternatively enlarge time (doc. 27).

**IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** plaintiffs' motions for extension of time (docs. 35, 36). **IT IS ORDERED DENYING** plaintiffs' motion for a sixth-month enlargement of time. **IT IS ORDERED GRANTING** plaintiffs an extension of 10 days after the date of this order to file their responses to the motions to dismiss. Plaintiffs have up to and including **February 8, 2013**, to file responses to defendants' motions to dismiss (docs. 13, 18).

We urge plaintiffs to seek the advice of counsel. If plaintiffs do not have a lawyer, they may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 29th day of January, 2013.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge