**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan W. Jones et al., ) | No. CV 12-02286-PHX-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Dallas Neurosurgical and Spine Associates ) et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

We have before us defendants Texas Health Presbyterian Hospital of Dallas and Lora Jean Enty's ("Hospital Defendants") motion to dismiss (doc. 10), defendants Dr. Jeremy Denning, Dr. Richard Jackson, and Dallas Neurosurgical & Spine Associates' ("Doctors") motion to dismiss (doc. 13), notice of errata and supplement to Doctors' motion to dismiss (doc. 21), defendant Medtronic Sofamor Danek USA Inc.'s ("Medtronic") motion to dismiss (doc. 18), Medtronic's notice of supplemental authority (doc. 23), Medtronic's second notice of supplemental authority (doc. 40), and plaintiffs' motion to enlarge time (doc. 39).

On January 29, 2012, we denied plaintiffs' motion for a six month enlargement of time and granted plaintiffs an extension up to and including February 8, 2013 to file responses to defendants' motions to dismiss. See Doc. 38. Therefore, we construe plaintiffs' motion to enlarge time (doc. 39) as a motion for reconsideration. A court "will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of

new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). We have already considered plaintiffs' arguments regarding their medical condition. While we are sensitive to medical issues, a six month extension of time in all events is unreasonable. The motion for reconsideration is denied (doc. 39). Retention of counsel would solve plaintiffs' claim of present inability to prosecute this case.

Plaintiffs have failed to respond to any of defendants' motions and the time for doing so has expired. See LRCiv 12.1(b), LRCiv 7.2(c). Plaintiffs' failure to respond to the motions may be deemed a consent to the granting of the motions and we may dispose of the case summarily. LRCiv 7.2(i). Moreover, the basis for granting the motions is so plain that we can do so without a response.

As an initial matter, we note that plaintiffs' complaint fails to satisfy the standards of Rule 8, Fed. R. Civ. P. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. Plaintiffs' sixty-nine page complaint does not clearly identify causes of action or the relief plaintiffs are entitled to. Moreover, it is unclear whether the long excerpts of Arizona and Texas case law followed by plaintiffs' commentary are intended to form the basis of a claim. The complaint fails to meet the requirement that "[e]ach allegation must be simple, concise, and direct." Rule 8(d)(1), Fed. R. Civ. P.

Medtronic and the Hospital Defendants seek dismissal on the ground that plaintiffs have failed to state a claim upon which relief can be granted. A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 663, 129 S.Ct. 1937, 1940, 173 L. Ed.2d 868 (2009) (citation omitted). As discussed above, plaintiffs fail to identify causes of action. Instead they seek a declaratory judgment tolling the statue of limitations. Defendants contend that plaintiffs have failed to establish the "case or controversy" necessary to allow the court to rule on a request for declaratory

judgment. The Declaratory Judgment Act confers jurisdiction on federal courts to enter declaratory judgments in cases where the controversy requires "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Calderon v. Ashmus, 523 U.S. 740, 740-741, 118 S. Ct. 1694, 1695-1696 (1998) (citation omitted). Here, rather than seeking a conclusive determination of the underlying controversy – whether defendants are liable to plaintiffs for any of the alleged harm – plaintiffs seek a declaratory judgment that renders the statute of limitations (an affirmative defense) inapplicable to causes of action which have not been identified. The Declaratory Judgment Act cannot be used to obtain an advance ruling on an affirmative defense. See id. at 747. Therefore, plaintiffs' claim for relief is not justiciable, and must be dismissed under Rule 12(b)(6), Fed. R. Civ. P.

Doctors and Hospital Defendants move to dismiss for lack of personal jurisdiction. The plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). General jurisdiction exists only where the defendant has "substantial" or "continuous and systematic general business contacts," Helicopteros Nacionales v. Hall, 466 U.S. 408, 415-16, 104 S. Ct. 1868, 1872-73 (1984), that "approximate [a] physical presence" in the forum state. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). Specific jurisdiction exists only when (1) the non-resident defendant purposefully directs its activities toward the forum or resident thereof; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003) (citation omitted). The Doctors and Hospital Defendants contend that they are not subject to general or specific jurisdiction in an Arizona court because they are not residents of the State of Arizona, they have never conducted business-related activities in Arizona, and they have never purposefully directed activities toward the state. Plaintiffs concede that the healthcare services which form the basis of their complaint occurred exclusively in Texas, and they do not allege that the Doctors or Hospital Defendants purposefully directed any

activities toward Arizona. Complaint at ¶ 13-28. Therefore, plaintiffs have not met their burden of establishing that personal jurisdiction exists in this court.

**IT IS ORDERED DENYING** plaintiffs' motion to enlarge time (doc. 39).

**IT IS FURTHER ORDERED GRANTING** Hospital Defendants' motion to dismiss for lack of personal jurisdiction (doc. 10), **GRANTING** Doctors' motion to dismiss (doc. 13), and **GRANTING** Medtronic's motion to dismiss for failure to state a claim (doc. 18) without prejudice.

Again (see doc. 38), we strongly urge plaintiffs to seek the advice of counsel. It is difficult for a party to successfully manage the complexities of a lawsuit unaided by a lawyer. Lawyers serve the important function of evaluating a case and guiding parties through the legal process. In light of plaintiffs' claims of medical problems, they especially would do well to obtain a lawyer.

The clerk is directed to enter final judgment dismissing this action without prejudice.

DATED this 13th day of February, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge